1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  JAMES INGRAM,                                CASE NO. 1:07-cv-00176-OWW-NEW (DLB) PC

10                          Plaintiff,          ORDER DISMISSING COMPLAINT FOR
                                                FAILURE TO STATE A CLAIM, WITH
11          v.                                  LEAVE TO FILE AMENDED COMPLAINT
                                                WITHIN THIRTY DAYS
12  MTA F. BREWER, et al.,
                                                (Doc. 1)
13                          Defendants.
                                          /
14

15  I.      Screening Order

16          A.      Screening Standard

17          Plaintiff James Ingram ("plaintiff") is a state prisoner proceeding pro se and in forma

18  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on

19  February 1, 2007.

20          The court is required to screen complaints brought by prisoners seeking relief against a

21  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

25  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

26  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

27  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

28  ///

1

1   "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

2   exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S.

3   506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

4   plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

5   "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

6   grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512.  A court may dismiss a complaint only

7   if it is clear that no relief could be granted under any set of facts that could be proved consistent with

8   the allegations. <u>Id</u>. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether

9   the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of

10  the pleadings that a recovery is very remote and unlikely but that is not the test.'" <u>Jackson v. Carey</u>,

11  353 F.3d 750, 755 (9th Cir. 2003) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)); <u>see also</u>

12  <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the

13  opposing party on notice of the claim . . . .'" (quoting <u>Fontana v. Haskin</u>, 262 F.3d 871, 977 (9th Cir.

14  2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."

15  <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights

16  complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l</u>

17  <u>Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d

18  266, 268 (9th Cir. 1982)).

19      B.      <u>Plaintiff's Eighth Amendment Medical Care Claims</u>

20      Plaintiff is an inmate housed at Pleasant Valley State Prison, where the events at issue in this

21  action allegedly occurred.  The defendants named in this action are Medical Technical Assistant

22  Brewer, Vocational Nurse D. Stephens, Registered Nurse F. Warden, and Acting Medical Director

23  F. Igbinosa.  Plaintiff is seeking money damages and injunctive relief.

24      The Civil Rights Act under which this action was filed provides:

25              Every person who, under color of [state law] . . . subjects, or causes
                to be subjected, any citizen of the United States . . . to the deprivation
26              of any rights, privileges, or immunities secured by the Constitution .
                . . shall be liable to the party injured in an action at law, suit in equity,
27              or other proper proceeding for redress.

28  42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal

2

Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.) Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff alleges that defendant Brewer failed to properly and professionally administer medication when he gave plaintiff another inmate's insulin on December 2, 2005, which led to plaintiff becoming violently ill. Plaintiff alleges that defendants Stephens and Warden attempted to dissuade him from pursuing his grievance by compensating him with canteen items, and made it difficult for him to proceed medically and legally. Plaintiff alleges that defendant Warden responded to his grievance at two separate levels of appeal in an attempt to coerce him into dropping the grievance. Plaintiff alleges that defendant Igbinosa, via his signature, participated as a supervisor in the cover-up.

"Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff's allegations do not support a claim that defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837. Defendant Brewer's mistake in giving plaintiff the wrong medication does not rise to the level of an Eighth Amendment violation and is, at most, negligence, which is insufficient to state a claim under section 1983. Defendants Stephens, Warden, and Igbinosa's involvement in plaintiff's grievance of the incident does not support a claim under section 1983 for violation of plaintiff's rights under the Eighth Amendment or for violation of any other constitutional right.

C.    Claims for Injunctive Relief

In addition to money damages, plaintiff seeks the revocation of defendants' professional licenses, the filing of charges against defendants, and the investigation of any and all complaints against defendants. These forms of relief are not available to plaintiff in this action. The decision to revoke defendants' professional licenses rests with board that issued the licenses, the decision to file charges against defendants rests with law enforcement, and the decision to investigate complaints against defendants rests with the California Department of Corrections and Rehabilitation and any

appropriate licensing and/or law enforcement agencies. The court has no jurisdiction to award the relief sought and this action shall proceed as one for damages only. 18 U.S.C. § 3626(a)(1)(A); City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).

D.      Conclusion

Plaintiff's complaint does not state a claim upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint

supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted under section 1983;

2.    The Clerk's Office shall send plaintiff a civil rights complaint form;

3.    Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

4.    If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.


IT IS SO ORDERED.

**Dated:**    **May 17, 2007**            **/s/ Dennis L. Beck**
                            UNITED STATES MAGISTRATE JUDGE