**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES INGRAM, | CASE NO. 1:07-cv-00176-OWW-DLB (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE A THIRD AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| BREWER, et al., | (Doc. 17) |
| Defendant. | |

**I.   Screening Order**

Plaintiff James Ingram ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his original complaint on February 1, 2007.  (Doc. 1.)  On May 17, 2007, the Court dismissed Plaintiff's complain with leave to amend. (Doc. 10.)  On June 26, 2007, Plaintiff filed his first amended complaint, (Doc. 12.)  On February 4, 2008, the Court dismissed Plaintiff's first amended complaint with leave to amend.  (Doc. 14.)  On April 9, 2008, Plaintiff filed an "Amended Complaint," which the Court treats as a second amended complaint.  (Doc. 17.)  Plaintiff's second amended complaint is presently before the Court for screening.

**A.   Screening Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

1

1 that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.
2 § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been
3 paid, the court shall dismiss the case at any time if the court determines that . . . the action or
4 appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §
5 1915(e)(2)(B)(ii).

6  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
7 exceptions," none of which apply to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534
8 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a
9 short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R.
10 Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's
11 claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the
12 liberal pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams,
13 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not
14 supply essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union
15 Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268
16 (9th Cir. 1982)).

17 **B.     Summary of Plaintiff's Second Amended Complaint**

18  Plaintiff is currently a state prisoner at California Rehabilitation Center for Males in
19 Norco, California.  Plaintiff was formerly imprisoned at Pleasant Valley State Prison ("PVSP")
20 in Coalinga, California, where the acts he complains of occurred.  Plaintiff names as defendants:
21 MTA Brewer; Doe Director of California Department of Corrections and Rehabilitation
22 ("CDCR"); current Chief Medical Officer ("CMO") at PVSP; Secretary of CDCR; Registered
23 Nurse F. Warden; Dr. F. Igbinosa, CMO at PVSP; Doe Correctional Officer at PVSP; Licensed
24 Vocational Nurse D. Stephens; Doe Correctional Sergeant at PVSP; Doe Correctional Lieutenant
25 at PVSP; Doe Warden at PVSP.  Plaintiff also lists Does 1 through 5 as directors or acting
26 directors of CDCR who are successors to the Director of CDCR as well as Does 6 through 20,
27 who are responsible for the medical care of all inmates at PVSP. (Doc. 17, pp. 6:6-12:22.)
28 Plaintiff also names PVSP as a defendant in the caption of his complaint.  Though Plaintiff labels

PVSP as a private corporation, it is a state-run facility.

Plaintiff alleges the following. Since December 2, 2005, Plaintiff has suffered mental and physical pain after CDCR medical staff injected Plaintiff with the wrong insulin medication. From December 2, 2005, to approximately February 2006, defendants have repeatedly delayed and refused to provide medical tests and treatment for Plaintiff's pain. (Doc. 17, pp. 12:23-13:15.) Plaintiff also alleges that he suffers from valley fever because of defendants' actions. (Id., p. 18:13-17.)

Plaintiff seeks monetary damages and injunctive relief, as well as trial by jury.

**C.   Discussion**

    **1.   *Deliberate Indifference to A Serious Medical Need***

Plaintiff alleges that defendants have repeatedly delayed and refused to provide medical tests and treatment for Plaintiff's pain. (Doc. 17, pp. 12:23-13:5.) A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or

treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff may be able to state a cognizable claim for deliberate indifference to a serious medical need. However, Plaintiff's claim is deficient because of Plaintiff's failure to comply with the linkage requirement for a claim under section 1983.

### 2.  *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff has not sufficiently linked which defendants refused to provide medical tests and

1 treatment.  Plaintiff does not make clear which defendants actually committed the alleged act or omission.  It also does not appear that Plaintiff will be able to link all named defendants to any liability under section 1983.

### 3.  *Supervisory Liability*

Plaintiff names as defendants the past and current directors of CDCR, the Secretary of CDCR, past and current chief medical officers of PVSP, the warden of PVSP, a lieutenant, and a sergeant.  Plaintiff appears to allege their liability based solely on a *respondeat superior* theory.  Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Additionally, the argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) citing Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th

5

Cir.1996).

Thus, Plaintiff will not succeed in bringing a claim against any defendants solely because of their supervisory role. Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993). Plaintiff's current pleadings are insufficient to support a claim under section 1983. Plaintiff must lay out facts linking which defendants, whether named or unknown, by act or omission demonstrated the alleged violation of Plaintiff's federal rights.

### 4.   *Pleasant Valley State Prison As Defendant*

Plaintiff names Pleasant Valley State Prison as a defendant. Plaintiff may not sustain an action against a state prison. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S. Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brook, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989). Because Pleasant Valley State Prison is a part of the California Department of Corrections, which is a state agency, it is entitled to Eleventh Amendment immunity from suit.

## II.   Conclusion

Plaintiff has failed to state a cognizable claim under section 1983 against any defendants. For the reasons set forth above, Plaintiff's complaint is dismissed, with leave to file a third amended complaint within thirty days.

If Plaintiff opts to amend his complaint, Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.

1  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms
2  how each named defendant is involved. There can be no liability under section 1983 unless there
3  is some affirmative link or connection between a defendant's actions and the claimed
4  deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
5  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

6       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what
7  each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal
8  rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the
9  "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . .
10 ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

11      Plaintiff is further advised that an amended complaint supercedes the original complaint,
12 Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
13 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
14 pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an
15 original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d
16 at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord
17 Forsyth, 114 F.3d at 1474.

18      The Court provides Plaintiff with one final opportunity to amend to cure the deficiencies
19 identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).
20 Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second
21 amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"
22 complaints).
23 //
24 //
25 //
26 //
27 //
28 //

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's second complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file a third amended complaint curing the deficiencies identified by the Court in this order, and
4. **If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **January 12, 2009**           /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE