# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES INGRAM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BREWER, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-00176-OWW-DLB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THIRD AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(Doc. 19)<br><br>OBJECTIONS DUE WITHIN 30 DAYS |

**I.    Findings**

　　　Plaintiff James Ingram ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on February 1, 2007. (Doc. 1.) On May 17, 2007, the Court dismissed Plaintiff's complain with leave to amend. (Doc. 10.) On June 26, 2007, Plaintiff filed his first amended complaint. (Doc. 12.) On February 4, 2008, the Court dismissed Plaintiff's first amended complaint with leave to amend. (Doc. 14.) On April 9, 2008, Plaintiff filed an "Amended Complaint," which the Court treated as a second amended complaint. (Doc. 17.) On January 12, 2009, the Court dismissed Plaintiff's second amended complaint with leave to amend. (Doc. 18.) On February 17, 2009, Plaintiff filed his third amended complaint. (Doc. 19.) Plaintiff's third amended complaint is presently before the Court for screening.

//

//

1

A. **Screening Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which apply to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B. **Summary of Plaintiff's Second Amended Complaint**

Plaintiff is currently a state prisoner at California Rehabilitation Center for Males in Norco, California. Plaintiff was formerly imprisoned at Pleasant Valley State Prison ("PVSP") in Coalinga, California, where the acts he complains of occurred. Plaintiff names as defendants: MTA Brewer and Does 1 through 4. (Doc. 19, p. 3.)

Plaintiff alleges the following. Defendant Brewer injected Plaintiff with the wrong medication despite Plaintiff tell him. Plaintiff became sick and also contracted valley fever.

2

Plaintiff seeks monetary damages and injunctive relief.

### C. Discussion

#### 1. *Deliberate Indifference to A Serious Medical Need*

Plaintiff alleges defendant Brewer injected Plaintiff with the wrong medication. A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

1    Plaintiff fails to state a cognizable claim against Brewer. Plaintiff alleges at most
2 negligence against defendant Brewer, which is not deliberate indifference to a serious medical
3 need.

4    Plaintiff also fails to allege a cognizable claim against defendants Does 1 through 4. The
5 Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

9 42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between
10 the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See
11 Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
12 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a
13 constitutional right, within the meaning of section 1983, if he does an affirmative act, participates
14 in another's affirmative acts or omits to perform an act which he is legally required to do that
15 causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th
16 Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named
17 defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's
18 federal rights.

19    Plaintiff names defendants Does 1 through 4, but fails to allege any act or omission by
20 these defendants that would demonstrate a violation of Plaintiff's federal rights. Plaintiff thus
21 fails to state a cognizable claim against Does 1 through 4.

22 **II.    Conclusion**

23    Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed
24 for failure to state a claim upon which relief may be granted. Plaintiff was previously granted
25 leave to amend to cure the deficiencies in his complaint, but appears unable to do so.
26 Given the deficiencies with Plaintiff's complaint, the Court recommends that Plaintiff not be
27 given leave to amend. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000).

28

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **February 23, 2009**                         /s/ Dennis L. Beck
                                                            UNITED STATES MAGISTRATE JUDGE